UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DANTEZ BOYKIN-JOHNSON,

    Defendant.
_____/

Case No. 13-20263

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR HOME CONFINEMENT (ECF NO. 72)

Defendant Dantez Boykin-Johnson requests that the court grant him home confinement so that he may avoid the risk of contracting COVID-19 in prison. Because Boykin-Johnson has not met the standard under 18 U.S.C. § 3582(c)(1)(A), which requires a showing of "extraordinary and compelling" reasons, his motion is denied.

In 2016, the court sentenced Boykin-Johnson to 120 months in prison for Hobbs Act robberies and brandishing a firearm during and in relation to a crime of violence. His current projected release date is February 22, 2028.[1] Boykin-Johnson is serving his sentence at the Michigan

---

[1] Boykin-Johnson is also serving a state sentence for armed robbery, breaking and entering, and firearm offenses.

Department of Corrections' Kinross Correctional Facility, which is located in Michigan's Upper Peninsula.

Boykin-Johnson seeks home confinement based upon his risk of contracting COVID-19 in prison. Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One limited exception to this rule is known as "compassionate release." The court's authority to grant Boykin-Johnson's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

"Extraordinary and compelling reasons" for a sentence reduction are set forth in USSG § 1B1.13 and the accompanying application notes. These reasons include medical conditions such as a terminal illness or a

serious physical or cognitive impairment, the advanced age and poor health of the defendant, or the death of the caregiver for the defendant's children.  USSG § 1B1.13, cmt. 1.  There is also a "catch-all" provision encompassing "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons."  *Id.*  In addition to demonstrating extraordinary and compelling reasons, the defendant must not be a danger to the safety of any other person or to the community and the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* USSG § 1B1.13.

Boykin-Johnson has not articulated extraordinary and compelling reasons that would justify relief under § 3582(c)(1)(A).  He is young and has no underlying health conditions that would put him at greater risk for COVID-19 complications.  The Michigan Department of Corrections has taken several preventative measures to guard against infection, including cleaning, providing masks to staff and inmates, quarantining the sick, limiting visitors, and increasing social distancing.  *See* https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337.  The MDOC has also tested all prisoners in its system for COVID-19.  As of June 21, 2020, the Kinross facility, which houses 1,530 prisoners, has had one confirmed case.  *Id.*

At most, Boykin-Johnson has raised a generalized concern about contracting COVID-19, which is not an "extraordinary and compelling reason" satisfying § 3582(c)(1)(A).  *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission") (Goldsmith, J.); *United States v. Bridges*, No. 14-20007, 2020 WL 2553299, at *4 (E.D. Mich. May 20, 2020) (Cox, J.); *United States v. Alzand*, No. 18-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (Drain, J.).  *But see United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *5 (E.D. Mich. May 7, 2020) (defendant's chronic health conditions, including diabetes, heart disease, and asthma, coupled with prison conditions, constituted extraordinary and compelling reasons) (Levy, J.).

Because Boykin-Johnson has not demonstrated extraordinary and compelling reasons under § 3582(c)(1)(A), he is not eligible for relief and the court need not consider the remaining factors.[2]

---

[2] As a sentence reduction under § 3582(c)(1)(A) is clearly not available to Boykin-Johnson, the court did not consider whether he exhausted his administrative remedies

CONCLUSION

Therefore, IT IS HEREBY ORDERED that Boykin-Johnson's motion for home confinement (ECF No. 72) is DENIED.

Dated: June 23, 2020

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 23, 2020, by electronic and/or ordinary mail and also on Dantez Boykin-Johnson #884591, Kinross Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49788.

s/Brianna Sauve
Deputy Clerk

---

with the Bureau of Prisons, an analysis that is complicated by his location in state rather than federal custody.